## INGE v. FIRST STATE BANK OF DENTON.

### No. 12754.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 7, 1933.

Rehearing Denied Feb. 18, 1933.

Owsley & Owsley, of Denton, for appellant.

Geo. M. Hopkins, of Denton, for appellee.

LATTIMORE, Justice.

This is a suit complaining of the removal, by appellee's directions from a building owned by appellant, of various articles, hereinafter named, placed therein by appellee.

Appellee in 1919 rented from the deceased husband of appellant a building in which it installed and operated a bank. At the time of the opening of that bank in this building, the appellee removed the plaster from the walls some 3½ feet high on a portion of such walls and replaced same with a wainscoting of marble slabs which were held in place by nails driven into the walls; built a vault in the back of the building, with an opening door containing a time clock; built a closet under the back stair with a mirror door opening; placed a set of bank cages and windows therein supported by braces screwed to the floor and the walls, and rebuilt the floor around said cages, tile on the outside and wood inside such cages; an additional revolving storm door inside the regular entrance door.

At the time of the original entry into the building the bank acquired the lease of a druggist. Thereafter, at the expiration of

such druggist's lease, the bank made a lease with Dr. Inge which recited: "Second party (the bank) shall and does take the premises herein rented in the same condition that said property now is and shall surrender the same at the termination of this lease in as good condition as when received, natural wear and tear and unavoidable casualty alone excepted and subject to all the conditions of this lease contract."

Thereafter renewal leases were from time to time signed, each containing such clause until 1931, when the appellee vacated the premises and caused the articles above named save the floor and the vault other than its door to be removed.

 The rule that a tenant taking a renewal lease, while his fixtures from a previous lease are yet in the building, without expressly retaining the right of removal of such fixtures, waives the right to their removal thereafter, appears not to have been looked on with favor, since Chief Justice Gaines, in Wright v. Macdonnell, 88 Tex. 140, 30 S. W. 907, 909, said that the minority rule contra to that above outlined was "difficult to answer." The majority rule of the various states assumed that he intends to lease his own property. The rule there announced is that a tenant does not by the mere renewing of his lease waive his right to his fixtures. The intention of the parties is to be determined "from the language employed when viewed in the light of the circumstances attending the transaction."

The obligation of appellee by its lease was to return the building "as it now is." We are thus relegated to the rules in Hutchins v. Masterson, 46 Tex. 554, 26 Am. Rep. 286. The rules therein set out, when read in the light of Moody v. Aiken, 50 Tex. 65, make it plain that our rule of public policy and in favor of trade and to encourage industry encourages the tenant to install trade fixtures which, if erected for a mere temporary purpose and without any intention on the part of the tenant that same become a part of the realty, and if not so attached as to become a part thereof, may be removed. It is the intention which is the important factor; hence the evidence of the bank officials that appellee did not intend for the articles to become a part of the realty. This testimony was admissible, but it was not exclusive; "the intention being inferable from the nature of the article, the situation of the parties interested, the mode of annexation, the circumstances which require the installation and the use to be made thereof." See cases above cited.

The trial judge finds the building untenantable, unless something is put in the place of the wainscoting and the revolving door. Measured by these rules and the facts shown in the record, the wainscoting which was placed in the wall to take the place of the plaster is a part of the wall; the vault and closet is a part of the building, and the doors no less so. The time lock door and the bank cages and windows are trade fixtures, and as such the tenant is entitled to remove them. It is of no importance that the closet door matches in appearance the cages, but it is of importance that the time lock door is especially a bank vault door. The one door is not a trade fixture; the other is.

What is here said is not unmindful of the condition the floor and the vault is left in, for the opinion herein is not in derogation to the law of damages to premises by a tenant.

The case is here without a statement of facts, and we are therefore unable to determine the cause other than to reverse and remand the same for proceedings not inconsistent with this opinion.